UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.T.,
Petitioner,

-v-

KENNETH GENALO, *et al.*,
Respondents.

26-CV-8326 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Petitioner J.T. filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release from his detention by Immigration and Customs Enforcement ("ICE") for, *inter alia*, violations of his procedural and substantive due process rights. (*See* ECF No. 1.) Today, October 9, 2026, Respondents filed a "letter of non-opposition to Petitioner's request for immediate release." (ECF No. 30.) Shortly thereafter, Petitioner filed an emergency motion for judgment granting his writ of habeas corpus. (ECF No. 31.) That motion is granted.

J.T. is a Jamaican national who arrived in the United States over four years ago. (ECF No. 1 ¶¶ 2, 10.) Since then, J.T. has built meaningful ties to his community in New York City and has worked in several local small businesses. (*Id.* ¶ 35.) Additionally, J.T. has timely sought asylum based on his fear of persecution for his sexual orientation and complied with all requirements imposed by United States Citizenship and Immigration Services. (*Id.*) J.T. has never been convicted of a crime in the United States, nor has J.T. been served with a Notice to Appear in immigration court. (*Id.* ¶ 10.)

On September 23, 2026, at approximately 6.00 pm, J.T. was detained by ICE at an airport in New York City while attempting to board a domestic flight. (*Id.* ¶ 3.) ICE stated that the reason for J.T.'s detention was that J.T. had overstayed his tourist visa. (*Id.* ¶ 32.) But

Respondents do not dispute that J.T. was given no opportunity, either before or during his detention, to contest ICE's action. (*Id.*) Relatedly, Respondents do not dispute that ICE did not make any individualized determination as to whether J.T. posed a flight risk or danger to the community. (*Id.* ¶ 33.)

Courts in this district have concluded that 8 U.S.C. § 1226(a) governs detentions of noncitizens like J.T., who have been living in the United States. *See Yang v. Almodovar*, No. 25-CV-10265, 2025 WL 3678644, at *1 (S.D.N.Y. Dec. 18, 2025) (collecting cases). Respondents do not contest that J.T.'s detention was pursuant to § 1226(a). (*See generally* ECF No. 12.) Thus, under § 1226(a), ICE was required to conduct an "individualized assessment 'sufficient to qualify as a valid exercise of discretion'" prior to any detention in order to comply with the Due Process Clause. *Yang*, 2025 WL 3678644, at *2 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496 (S.D.N.Y. 2025)). No such individualized inquiry was afforded to J.T. (ECF No. 1 ¶ 33.) Accordingly, J.T.'s ongoing detention violates his due process rights, and he must be immediately released—a conclusion that Respondents do not oppose. (ECF No. 31.)

This Court, sitting in Part 1, hereby ORDERS Respondents to (1) release Petitioner from custody forthwith, and in any event no later than October 10, 2026, at 12:00 pm, and (2) certify compliance with this order by emailing the Court no later than October 10, 2026, at 5:00 pm, and filing an entry on the docket no later than October 11, 2026, at 5:00 pm.

SO ORDERED.

Dated: October 9, 2026
New York, New York

J. PAUL OETKEN
United States District Judge

Part I